JOHN C. PANGBORN v. THE CONTINENTAL INSURANCE COMPANY.

*Buildings permanently annexed to freehold—Regarded as real estate—Representation of absolute ownership of—Affirms like title to land—Special notice of defense—Party confined to proof of fraud alleged—Title in fee—Not vested in a grantee in possession of land under a deed to be delivered on performance of an unperformed condition—Parol proof of contents of paper—Admissible on refusal of party to produce original after due notice.*

1. Buildings *permanently* annexed to the freehold are regarded as real estate, and an *affirmative* answer by an applicant for insurance on such a building to the question in the application, "Have you the *fee simple* title?" constituted a *warranty* that he held a *like* title to the *land* on which the *building* was situated.

2. Under the rules of this Court the defendant must confine his proof to the *fraud* or *falsehood* alleged in his special notice of defense.

3. Proof that a party in the possession of land held the same under a deed to be delivered on the performance of a condition, coupled with evidence of its non-performance and of non-delivery, is sufficient to establish a breach of the grantee's covenant that he held the title to the land in fee simple.[1]

4. Parol proof of the contents of a paper in the possession of the adverse party who has been duly notified to produce the same on the trial, and fails so to do, is admissible.

5. In an action on a policy of insurance by the insured, where the question of his *title* to the land on which the building was situated is in issue, the *nature* of plaintiff's *possession* may be shown on his cross-examination

6. A controversy over the *delivery* of a deed involves the *intention* of the grantor, and all [*competent*] testimony bearing on that question should be admitted.

Error to Huron. (Beach, J.) Argued June 17, 1886. Decided October 7, 1886.

Assumpsit. Defendant brings error. Reversed. The facts are stated in the opinion.

*F. A. Baker* (*Charles L. Hall*, of counsel), for appellant.

*Winsor & Snover* (*W. T. Mitchell*, of counsel), for plaintiff.

CHAMPLIN, J. The plaintiff declared upon a policy of insurance issued by the defendant.

The defense was the general issue, and notice that in the application upon which the policy was issued the plaintiff represented that he was the owner in fee simple of the property on which the buildings insured were situated, and that they were only incumbered to the amount of $500; whereas, in truth and in fact, said plaintiff did not own the property in fee simple, and had no ownership of said property, and the same was incumbered to the amount of $700 and upwards, as was well known by plaintiff.

Upon the trial no question was made respecting the loss by fire of the subjects insured, and no contest was made over their value. The issue was confined to a very narrow compass, and related solely to that raised by the notice.

---

[1] See *Taft v. Taft*, 59 Mich. 185.

The plaintiff introduced deeds showing a chain of title from the State of Michigan to the plaintiff of the S. E. ¼ of the N. E. ¼ of sec. 20, T. 16 N., R. 13 E., upon which the buildings and property insured were situated.

To show the representations made, the defendant introduced the application upon which the policy was issued. The questions and answers were as follows:

" Q.  Have you the fee simple title?
" A.  Yes.
" Q.  Is the property incumbered?
" A.  Yes.
" Q.  If so, in what amount?
" A.  $500.
" Q.  When due?
" A.  1883.
" Q.  Cash value of the land and buildings?
" A.  $4,500.
" Q.  Number of acres?
" A.  160.
" Q.  How long have you owned the premises?
" A.  Five years."

Buildings permanently annexed to the freehold are regarded as real estate, and the representations contained in the application unquestionably constituted a warranty that plaintiff was the owner in fee simple of the land upon which the building insured was situated. If he did have the title in fee simple to such land, there were no false representations with respect to such ownership.

If the representation of quantity was relied upon as a warranty, and its falsity as a defense, defendant should have set it up in its notice. Under the rules established by this Court, the defendant must confine himself to the fraud or falsehood alleged in his notice. It was therefore immaterial whether plaintiff was or was not the owner of other land than the forty acres upon which the building insured stood.

After the plaintiff had introduced evidence tending to prove the execution and delivery of the deed from Barbara Pangborn to him, the defendant, to rebut such evidence and

prove the fact set up in its notice, offered evidence tending to prove, as its counsel claimed, that such deed had never been delivered, or ever had any legal effect, by offering to prove that this deed was placed or deposited in the hands of Henry Pangborn, to be held and kept by him during the life of Barbara Pangborn, and Mr. Pangborn, the father and mother of plaintiff, and after their death to be delivered to plaintiff, provided plaintiff should have fed, clothed, and cared for his mother and father, to the time of their death, in a manner satisfactory to Henry Pangborn.

Barbara Pangborn and her husband were living with plaintiff at the time the insurance was effected, and at the time of the loss. It was competent for the defendant to show, if it could, that Barbara Pangborn delivered the deed to Henry Pangborn to hold until performance by plaintiff of some condition, and then to be delivered to him. If the defendant could establish this fact, and show the condition had not been performed, the defense of want of title in fee simple would be established. It was therefore proper for counsel for defendant to inquire of plaintiff on cross-examination what the deed was put into his brother's hands for. It was proper cross-examination.

The evidence showed that when the adjuster called upon the plaintiff to adjust the loss he requested to be shown the deed from plaintiff's mother to him, and that plaintiff told the adjuster that it was held by his brother, and that he held his brother's receipt therefor, which he showed to the adjuster; and he made a written memorandum of its contents.

Notice had been served upon plaintiff's counsel to produce this paper, and during the cross-examination of plaintiff defendant's counsel called for the production of the paper. Counsel for plaintiff did not produce such paper, and disclaimed all knowledge of any such paper. Counsel for defendant then asked this question of the plaintiff:

"Now, Mr. Pangborn, did you on that occasion show to Mr. Millard a paper signed by Barbara Pangborn, your mother, bearing date the fifteenth day of March, 1882, the

same as this deed, providing that Henry Pangborn was to hold this deed, and it was to be delivered to you at the death of Barbara Pangborn, your mother, and her husband, provided you supported and cared for them during their natural lives according to the satisfaction of Henry Pangborn ?"

The question was objected to by plaintiff's counsel as not proper cross-examination. The objection was sustained by the court, and the question was excluded.

This ruling was erroneous, within repeated decisions of this Court. *Chandler v. Allison*, 10 Mich. 460 ; *Dann v. Cudney*, 13 Id. 239 ; *Detroit & M. R. R. Co. v. Van Steinburg*, 17 Id. 99 ; *Stearns v. Vincent*, 50 Id. 221.

The defendant attempted to show by parol testimony the contents of the paper held by plaintiff from his brother concerning his custody of the deed, and the condition upon which he held it, but such testimony was excluded as being incompetent. The original was admitted to have been in the possession of the plaintiff, and we think the notice was sufficiently certain to call upon the plaintiff to produce the paper, and upon his neglect or refusal to do so it was competent to show its contents by parol.

The controversy was over the delivery of the deed. This involved the intention of the grantor, and all testimony bearing upon that question should have been admitted.

For these errors there must be a new trial.

We discover no error upon the question of incumbrances. It was properly submitted to the jury under the evidence.

The judgment will be reversed, with costs, and a new trial ordered.

The other Justices concurred.