CLINTON COUNTY v FRANCIS
CLINTON COUNTY v BIGELOW
RADWAY v CLINTON COUNTY
AERO REALTY CORPORATION v CLINTON COUNTY

TAXATION—PROPERTY TAX—TAX EXEMPTION—LESSEES OF TAX-EXEMPT PROPERTY—CONCESSIONS—AIRPORTS—STATUTES.

A public airport concession does not have to be exclusive for the concessionaire to qualify for a property tax exemption, as a lessee of tax-exempt property, in counties not over 1,000,000 (MCLA 211.181; MSA 7.7[5]).

Appeals from Clinton, Leo W. Corkin, J. Submitted October 6, 1976, at Lansing. (Docket Nos. 26478–26481.) Decided December 10, 1976.

Complaints by Clinton County, DeWitt Township, Lansing School District, Lansing Community College and Ingham Intermediate School District against Gerald C. Francis, doing business as Francis Aviation, Richard W. Bigelow and Clarice H. Bigelow to collect unpaid property taxes. Complaints by Ronald F. Radway, doing business as Ron Radway Hangar Company, and Aero Realty Corporation against Clinton County *et al.,* for a declaration of rights under a statute granting a property tax exemption and for injunctive relief. Cases consolidated for trial. Judgment for Clinton County and others, disallowing a tax exemption for the taxpayers. The taxpayers appeal. Clinton County and others, cross-appeal. Reversed.

REFERENCES FOR POINTS IN HEADNOTE
71 Am Jur 2d, State and Local Taxation § 336 *et seq.*
Taxation of property owned by public body but not devoted to public or governmental use. 129 ALR 480.

*Jon Newman,* Clinton County Prosecuting Attorney, for Clinton County and DeWitt Township.

*Dunnings & Canady, P. C.,* for Lansing School District.

*Foster, Swift & Collins, P. C.* (by *J. Michael Warren),* for Lansing Community College.

*Thrun, Maatsch & Nordberg* (by *Patrick J. Berardo),* for Ingham Intermediate School District.

*Anderson, Carr & Street,* for Gerald D. Francis, Richard W. Bigelow, Clarice H. Bigelow, Ronald F. Radway, and Aero Realty Corporation.

Before: M. F. CAVANAGH, P. J., and R. M. MAHER and BEASLEY, JJ.

PER CURIAM. These four actions were consolidated below. At issue was the availability of the tax exemption found in 1953 PA 189, as amended, MCLA 211.181; MSA 7.7(5). The court disallowed the claim of exemption made by plaintiffs Aero Realty and Radway and defendants Bigelow and Francis, all lessees at Capital City Airport. The lessees appeal.

1953 PA 189 authorized the taxation of lessees and users of property otherwise tax-exempt. *Rockwell Spring & Axle Co v Romulus Twp,* 365 Mich 632; 114 NW2d 166 (1962). Not all lessees or users of tax-exempt property are subject to taxation; the statute exempts certain users of public property:

"*(1)* When any real property which for any reason is exempt from taxation is leased, loaned or otherwise made available to and used by a private individual, association or corporation in connection with a business conducted for profit, *except where the use is by way of*

*a concession in or relative to the use of a public airport,* park, market, fairground or similar property which is available to the use of the general public, the lessees or users thereof shall be subject to taxation in the same amount and to the same extent as though the lessee or user were the owner of such property." MCLA 211.181; MSA 7.7(5). (Emphasis supplied.)

Aero Realty is a "fixed base operator" using three leased parcels at the Capital City Airport, DeWitt Township, Clinton County. Francis is also a "fixed base operator" on leased premises at the airport. Radway and the Bigelows lease property at the airport on which they hangar and service aircraft. Radway has ten hangars and the Bigelows have seven. The court below ruled that none of the lessees operated a concession, which would entitle them to an exemption under 1953 PA 189, because their operations "lack the element of exclusivity".

The Supreme Court first considered the meaning of "concession" in the act in *Detroit v Tygard,* 381 Mich 271; 161 NW2d 1 (1968). In upholding the denial of a tax exemption for fixed base operators at the Detroit City Airport, the Court found in the term "concession" the concept of exclusivity. The opinion itself, however, cautioned against its application to other factual situations:

"By our holding here we express no opinion upon the merits of any case now pending under the same statute, nor upon any factual situation created by agreements different from those which are in force between appellants and the Detroit Aviation Commission, acting for the city of Detroit." 381 Mich at 277.

*Kent County v Grand Rapids,* 381 Mich 640; 167 NW2d 287 (1969), decided shortly after *Tygard,* proved the limited value of *Tygard* as precedent.

In *Kent County* the Supreme Court held that the use of property at the Kent County airport by a fixed base operator, under a 30-year lease from the Kent County aeronautics board, was a concession entitled to an exemption under 1953 PA 189. In so holding, the Court did not discuss exclusivity; the discussion of this factor in the dissent by Justice ADAMS, 381 Mich at 653, makes the majority's failure to refer to exclusivity significant. The dissent pointed out that the fixed base operator, Northern Air Service, Inc, did not have the exclusive right to conduct a fixed base operation at the airport.

In 1970, a second paragraph was added to MCLA 211.181; MSA 7.7(5). Although the constitutional validity of the addition is at best doubtful, see *Avis Rent-A-Car System, Inc v Romulus,* 65 Mich App 119; 237 NW2d 209 (1975), the added paragraph indicates that exclusivity is not a necessary aspect of a concession, as the term is used in the first paragraph of MCLA 211.181; MSA 7.7(5). The second paragraph reads:

"(2) In counties of over 1,000,000 in order to determine whether a lessee or user at an airport is a concessionaire within the provisions of this act, and whether the use of real property used in connection with the concession operation is essential to the concession operation so as to come within the exception contained in this act, it is required that the following basic tests be met:

"(a) It shall have the exclusive right and duty to render a necessary or customary service, based on a contract entered into requiring that it render goods or services either to the grantor or to the general public on behalf of the grantor;

"(b) The service rendered must be available to the general public on a nondiscriminatory basis;

"(c) Use of real property in connection with a service

concession must be a necessary and integral part of the concession operation."

By adding the provision that in counties over 1,000,000 "in order to determine whether a lessee or user at an airport is a concessionaire", a basic test is "the exclusive right and duty to render a necessary or customary service", the new paragraph leads us to believe that the term "concession" in the first paragraph does not entail the notion of exclusivity. If it did, the addition of an exclusivity test in the second paragraph would have been unnecessary. We read the 1970 amendment as the Legislature's attempt to add new conditions for concessionaire status, applicable only to certain airports.

Only the opinion in *Detroit v Tygard, supra,* supports the trial court's conclusion that the lessees' uses, since they lacked exclusivity, were not concessions. But *Tygard* itself cautions against its application to other factual situations. The position taken by the majority in *Kent County, supra,* and the 1970 amendment of MCLA 211.181; MSA 7.7(5), lead us to conclude that a concession, as the term is used in MCLA 211.181(1); MSA 7.7(5)(1), does not involve the exclusive right to render a service. The judgments below denying the exemptions because of the lack of exclusivity are reversed.