

# The Attorney General of Texas

August 16, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Charles D. Travis
Executive Director
Texas Parks & Wildlife Department
4200 Smith School Road
Austin, Texas 78744

Opinion No. JM-59

Re: Ad valorem tax status c
state park concession rights

Dear Mr. Travis:

The Texas Parks and Wildlife Department granted concession right in a state park, pursuant to section 13.015 of the Parks and Wildlii Code, to a non-profit corporation which constructed and operates golf course on the property. You inform us that the chief appraise of the appraisal district of the county in which the state park i located seeks to tax the concessionaire's possessory interest in th property pursuant to section 25.07 of the Tax Code. You wish to kno whether the concession rights are taxable or whether they ai presently exempt from ad valorem taxation. You also wish to kno whether the concession rights will be exempt beginning January 1 1984, the effective date of an amendment to section 11.11 of the Ta Code. We conclude that the concessionaire's possessory interest i taxable, both presently and after January 1, 1984.

Section 25.07 of the Tax Code provides the following:

> (a) Except as provided by Subsection (b) of this section, a leasehold or other possessory interest in property that is exempt from taxation to the owner of the estate or interest encumbered by the possessory interest shall be listed in the name of the owner of the possessory interest if the duration of the interest may be at least one year.
>
> (b) Except as provided by Subsections (b) and (c) of Section 11.11 of this code, a leasehold or other possessory interest in exempt property may not be listed if:
>
> (1) the property is permanent university fund land;
>
> (2) the property is county public school fund agricultural land;

(3)  the  property  is  a  part  of  a  public transportation   facility   owned   by   an incorporated city or town and:

(A)  is  an  airport  passenger  terminal building  or  a  building  used  primarily  for maintenance  of  aircraft  or  other  aircraft services,  for aircraft equipment storage, or for air cargo;

(B)  is   an   airport   fueling   system facility; or

(C)  is   in   a   foreign-trade   zone established  and  operating  pursuant  to federal law if the area of the zone does not exceed 250 acres;

(4)  the  interest  is  in  a  part  of  a  park, market,  fairground,  or  similar  public  facility that is owned by an incorporated city or town; or

(5)  the  interest  involves  only  the  right  to use   the   property   for   grazing   or   other agricultural purposes.   (Emphasis added).

In  order  for  section  25.07  to  be  invoked,  it  must  first  be determined that the subject property "is exempt from taxation to the owner  of  the  estate  or  interest  encumbered  by  the  possessory interest."  Tax Code §25.07(a).   Section 11.11(a) of the Tax Code provides that, with two specified exceptions, "property owned by this state or a political subdivision of this state is exempt from taxation if the property is used for public purposes."   Chapter 13 of the Parks and Wildlife  Code  sets  forth  the  Parks  and  Wildlife  Department's powers  and  duties  regarding  parks  and  other  recreational  areas. Section 13.002 confers broad powers and specifically provides that:

[t]he department may:

(1)  prepare,  maintain,  and  revise  a  statewide comprehensive  plan  for  the  development  of  the outdoor recreation resources of this state;

(2)  develop,   operate,   and   maintain   outdoor areas and facilities of the state; and

(3)  acquire  land,  water,  and  interests  in  land and   water   for   outdoor   recreation   areas   and facilities.   (Emphasis added).

We conclude that, because the department in its own right could "develop, operate, and maintain" the subject property as a golf course, the public purpose test is satisfied and this property in the hands of the state is therefore exempt from ad valorem taxation.

The next issue is whether the rights granted by the Parks and Wildlife Department constitute a "possessory interest in property" for purposes of section 25.07 of the Tax Code. We conclude that they do. Section 1.04(6) of the Tax Code sets forth the following:

> "Possessory interest" means an interest that exists as a result of possession or exclusive use or a right to possession or exclusive use of a property and that is unaccompanied by ownership of a fee simple or life estate in the property. However, "possessory interest" does not include an interest, whether of limited or indeterminate duration, that involves a right to exhaust a portion of a real property.

A "concession" has been defined as "a grant given by the government to use the land applied for." Winningham v. Dyo, 48 S.W.2d 600, 603 (Tex. 1932). A concession is a grant or lease of a portion of premises for some specific use or of a right to enter upon premises for some purpose. Rendall v. Pioneer Hotel, 222 P.2d 986, 989 (Ariz. 1950). Though no Texas cases have yet addressed this issue, Michigan courts have concluded that such rights fall within the ambit of the Michigan counterpart to section 25.07. See County of Kent v. City of Grand Rapids, 167 N.W.2d 287, 292 (Mich. 1969); City of Detroit v. Tygard, 161 N.W.2d 1, 3 (Mich. 1968); Aero Realty Corporation v. Clinton County, 250 N.W.2d 559, 560 (Mich. App. 1976). We have found no other courts which have been confronted with this issue. We conclude that the rights granted by the department are sufficient to constitute a "possessory interest" for purposes of section 25.07 of the Tax Code. Because we so conclude, we further hold that the terms of section 25.07 clearly require that the concession rights be listed on the appraisal rolls.

You ask whether such a possessory interest, which section 25.07 of the Tax Code requires be listed in the name of the lessee, is exempt from taxation. Specifically you ask whether section 11.11 of the Tax Code serves to exempt such property now and, if not, whether an amendment to section 11.11 effective in 1984 will serve to exempt such property on January 1, 1984. We conclude that section 11.11 does not now, nor will it in 1984, act to exempt such possessory interest from ad valorem taxation. Reliance upon section 11.11 would be entirely misplaced.

Section 11.11 of the Tax Code provides the following:

(a)  Except as provided by Subsections (b) and (c) of this section, property owned by this state or a political subdivision of this state is exempt from taxation if the property is used for public purposes.

(b)  Land owned by the Permanent University Fund is taxable for county purposes.  Any notice required by Section 25.19 of this code shall be sent to the State Property Tax Board, and the board shall appear in behalf of the state in any protest or appeal relating to taxation of Permanent University Fund land.

(c)  Agricultural or grazing land owned by a county for the benefit of public schools under Article VII, Section 6, of the Texas Constitution is taxable for all but state purposes.  The county shall pay the taxes on the land from the revenue derived from the land.  If revenue from the land is insufficient to pay the taxes, the county shall pay the balance from the county general fund.

The text of subsection (d) is added effective January 1, 1984.

(d)  Property owned by the state that is not used for public purposes is taxable.  Property owned by a state agency or institution is not used for public purposes if the property is rented or leased for compensation to a private business enterprise to be used by it for a purpose not related to the performance of the duties and functions of the state agency or institution or used to provide private residential housing for compensation to members of the public other than students and employees of the state agency or institution owning the property, unless the residential use is secondary to its use by an educational institution primarily for instructional purposes.  Any notice required by Section 15.19 of this code shall be sent to the agency or institution that owns the property, and it shall appear in behalf of the state in any protest or appeal related to taxation of the property.  (Emphasis added).

Recourse could be had to section 11.11 if and only if the appraisal district sought to impose ad valorem taxation upon the owner of the property, in this case, the state.  Section 11.11 merely provides that public property not used for public purposes is taxable, a situation which has always been the case.  See Tex. Const. art.

VIII, §§1, 2; art. XI, §9; Leander Independent School District v. Cedar Park Water Supply Corporation, 479 S.W.2d 908 (Tex. 1972); Attorney General Opinion MW-430 (1982). But see City of Beaumont v. Fertitta, 415 S.W.2d 902 (Tex. 1967). The amendment to section 11.11 which is effective on January 1, 1984, merely defines "public purposes" for the purposes of section 11.11. Section 11.11 requires taxation in the hands of the owner, i.e. the political subdivision, of publicly-owned property not used for a public purpose. Section 25.07 provides for the listing in the name of the lessee of public property leased to a private concern. In this instance, since the appraisal district is not seeking to tax the owner of the property, section 11.11 is irrelevant. It clearly does not reach lessees of property, and the appraisal district is seeking to tax such a lessee. But this does not address the issue as to whether such possessory interest, which section 25.07 requires be listed in the name of the owner of the possessory interest, is taxable in the hands of the owner of that interest. We conclude that it is.

Article VIII, sections 1 and 2 of the Texas Constitution require that all real and tangible personal property be taxed unless specifically exempted. Section 11.01(a) of the Tax Code provides that "[a]ll real and tangible personal property that this state has jurisdiction to tax is taxable unless exempt by law." Subsection (b) of section 11.01 provides that "[t]his state has jurisdiction to tax real property if located in this state." We can find no statutory or constitutional provision, nor have you directed us to one, which purports to exempt the possessory interest at issue here. In support of this principle, we note in section 25.07(b)(4) of the Tax Code that a possessory interest in exempt property may not be listed if "the interest is in a part of a park, market, fairground, or similar public facility that is owned by an incorporated city or town." (Emphasis added). In this instance, the property is owned, not by an incorporated city or town, but by the state. We therefore conclude that the possessory interest is not exempt from taxation.

## S U M M A R Y

The concession rights in state park lands are not in this instance exempt from ad valorem taxation.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
Jon Bible
David Brooks
Colin Carl
Jim Moellinger
Nancy Sutton