AIR FLITE & SERV-A-PLANE v TITTABAWASSEE TOWNSHIP

Docket No. 73253 Submitted March 12, 1984, at Lansing.—Decided April 17, 1984. Leave to appeal applied for.

Petitioner, Air Flite and Serv-A-Plane, a business entity now known as Aero-Services Tri-City, Inc., leases an airplane hangar and related facilities owned by Tri-City Airport. Respondent, Tittabawassee Township, assessed the hangar as personal property of petitioner for several years, of which the assessments of 1980 and 1981 are at issue. Petitioner appealed the assessments to the Tax Tribunal, which held that the hangar and related facilities were not the personal property of petitioner but were real property belonging to Tri-City Airport and additionally, that the petitioner was entitled to the statutory exemption from taxation as a concessionaire at a public airport. The respondent township appealed. *Held:*

1. The Tax Tribunal did not err in finding that the lessor, the airport, was the owner of the property and that the building and the related facilities were a part of the real property. The finding was in accord with the terms of the lease and with established principles of law, and was supported by competent, material, and substantial evidence on the whole record.

2. There is no dispute that the petitioner operates a concession. The township's claim that the lack of an exclusive right to operate a concession at the airport disqualifies petitioner from the statutory exemption for airport concessionaires is without merit. No such exclusivity is required. The tribunal correctly found that petitioner qualified for the exemption.

Affirmed.

1. TAXATION — TAX TRIBUNAL — APPEAL.

The factual determinations of the Tax Tribunal are binding on the Court of Appeals in the absence of fraud or the adoption of wrong principles of law.

REFERENCES FOR POINTS IN HEADNOTES
[1] 72 Am Jur 2d, State and Local Taxation §§ 786, 787.
[2] 63A Am Jur 2d, Property § 18.
  71 Am Jur 2d, State and Local Taxation § 202.
[3] 71 Am Jur 2d, State and Local Taxation §§ 348, 366.

2. PROPERTY — REAL PROPERTY — BUILDINGS.

Buildings placed upon real property become a part of the real property.

3. TAXATION — PERSONAL PROPERTY — LESSEES — AIRPORT CONCESSIONAIRES.

Real property leased for use as a concession at a public airport is exempt from taxation as personal property of the lessee despite a lack of exclusivity in the lessee's right to render its services where the lessee otherwise qualifies as a concessionaire for purposes of the statutory tax exemption (MCL 211.181; MSA 7.7[5]).

*Philip Van Dam,* for petitioner.

*Robert A. Day,* for respondent.

Before: SHEPHERD, P.J., and ALLEN and A. E. KEYES,* JJ.

PER CURIAM. Respondent township appeals as of right from a May 12, 1983, Michigan Tax Tribunal decision holding that an airplane hangar built and used by petitioner pursuant to a lease between petitioner and the Tri-City Airport was real property belonging to Tri-City Airport. The township believed the hangar was personal property pursuant to MCL 211.8(d); MSA 7.8(d). Although the dispute between petitioner and respondent goes back to the 1971 assessment, only the 1980 and 1981 assessments are involved in the instant appeal.

Petitioner entered into the lease at issue on May 1, 1973. Under the lease, petitioner agreed to erect a new building to contain a hangar, workshop, offices, waiting room for the public and related facilities, and parking and was required to pay approximately $3,400 per year plus a percentage of petitioner's gross. The lease term was for 20

---

* Circuit judge, sitting on the Court of Appeals by assignment.

years with an option to renew for five more. The airport had a right to adjust rent every three years. However, "if no mutually satisfactory agreement as to the rate and fees is reached" the airport was required to pay petitioner the "undepreciated value of any building or fixed property improvements to the land leased", applying straight-line depreciation. Likewise, if petitioner were to default the airport had a right to "re-enter and repossess the leasehold premises" but the *airport* was to pay *plaintiff* $1,150 for each month that the base term had to run from the date of re-leasing the facilities to another operator.

Section VI(A) of the lease provided that the lessee shall make no improvements, additions, or alterations to the hangar without the prior written consent of the lessor. Section VI(D) expressly provided:

"All of the structures, improvements and facilities, including the improvements set forth in Exhibit 'B' shall be part of the land upon which they are erected and title shall vest in the Lessor."

When petitioner needed financing to construct the facilities demanded by the lease, an addendum to the May 1, 1973, lease was signed August 6, 1973. Under the addendum any financing required by the lessee "may be secured by a mortgage or trust deed on the building to be erected which will be a first lien on the leasehold and Lessor further agrees that any rights to the building or leashold that it may have shall be subordinate to the lien of such mortgage".

Pursuant to the lease and addendum petitioner did construct a hangar with workshop, offices, waiting rooms, and related facilities. On June 30, 1980, petitioner instituted proceedings with the

Michigan Tax Tribunal appealing respondent's assessment of the leased property as personal property for the tax year 1980. The petition was later amended to include the assessment for the tax year 1981. Petitioner made two arguments before the Tax Tribunal: (1) the hangar and related facilities were not personal property of petitioner but belonged to the Tri-City Airport; and (2) as the hangar was real property under lease, petitioner was exempt from taxation as a concessionaire pursuant to 1953 PA 189, as amended. MCL 211.181; MSA 7.7(5). The Tax Tribunal ruled in petitioner's favor on both issues.

I

Employing the "bundle of sticks" concept of property as described by the Wisconsin Supreme Court in *Mitchell Aero, Inc v Milwaukee,* 42 Wis 2d 656; 168 NW2d 183 (1969), respondent argues that the lease agreement gives the majority of the rights of ownership to the petitioner.

"We think the ownership of property by a municipality to qualify for exemption under s.70.11(2), Stats., means real or true ownership and not paper title only. Ownership is often referred to in legal philosophy as a bundle of sticks or rights and one or more of the sticks may be separated from the bundle and the bundle will still be considered ownership. What combination of rights less than the whole bundle will constitute ownership is a question which must be determined in each case in the context of the purpose of the determination. In this case for exemption one needs more than the title stick to constitute ownership." 42 Wis 2d 662.

In particular, respondent refers to the provision that, upon repossession, the lessor must pay lessee $1,150 per month for each month of the unexpired

term, and the provision in the addendum that the lessee may mortgage the building. We disagree.

The Tax Tribunal thoroughly reviewed the lease and concluded that ownership was vested in the Tri-City Airport Commission. In the absence of fraud—and none is alleged in the instant situation —factual determinations of the Tax Tribunal are binding. Thus, unless the tribunal adopted "wrong principles" of law, the tribunal's determination of ownership should be affirmed. *Tatham v Birmingham,* 119 Mich App 583, 589; 326 NW2d 568 (1982). We do not find adoption of wrong principles. Both at common law and by statute, buildings placed upon real property become a part of the real property. *Pangborn v Continental Ins Co,* 62 Mich 638; 29 NW 475 (1886); MCL 211.2; MSA 7.2. We disagree with appellant's claim that the Tax Tribunal relied too heavily on the lease provision that title to the hangar vested in the lessor.

Even under the "bundle of sticks" theory, we find that the lessor was given the bulk of the rights of ownership. Lessee agreed to provide "the necessary management for the operation of the facilities at all times in a manner and quality acceptable to lessor"; lessee could engage in secondary commercial support services "subject to the approval of the lessor". Improvements could not be made without the written consent of the lessor. Insurance coverage was required in such amount as may be approved by the lessor and lessor was given the right to adjust the rent every three years and to terminate the lease if agreement on the new rent could not be reached. The lease provision that the lessor would pay plaintiff $1,150 per month for each month remaining in the base term was merely an equitable provision to assure that Tri-County would not realize a windfall by

the early termination of the lease. Neither do we agree with appellant that the addendum to the lease made petitioner the beneficial "owner" of the property. Indeed, without the addendum, the hangar would not have been built and would not have become a part of the realty with title vested in the lessor. Viewed in this light, the addendum worked to put title in the lessor rather than the lessee.

We find *Mitchell Aero, supra,* the case on which respondent mainly relies, distinguishable. Though factually similar in some respect, the lease terms there in other respects were totally different than those in the case before us. No rent was charged for the space in the hangar which the lessee agreed to build, there was no provision for periodic increases in rent, and the lease included an amortization formula which assured the lessee of recovery of its investment. It is not surprising, therefore, that the majority opinion concluded that the arrangement was not a bona fide conveyance of buildings to the airport, but was "a hybrid arrangement, possibly to obtain both a tax exemption and the amortization of the cost of the buildings". 42 Wis 2d 665. Also, the opinion was not unanimous. A strong dissenting opinion found "only one stick" of the bundle of ownership sticks left with the lessee.

In summary, we find the Tax Tribunal's decision on issue I to be in accord with the established principles of law and supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; *American Legion Memorial Home Ass'n of Grand Rapids v Grand Rapids,* 118 Mich App 700, 710; 325 NW2d 543 (1982).

## II

Our finding sustaining the Tax Tribunal's hold-

ing that the hangar was real property not owned by the petitioner and that, accordingly, it is not taxable as personal property, does not end the matter. Left remaining is the question of whether the leasehold itself is subject to taxation under the provisions of Michigan's statute governing the taxation of lessees and uses of tax exempt property. 1953 PA 189; MCL 211.181; MSA 7.7(5).[1] At the time the instant litigation commenced, that statute, having been amended by 1976 PA 430, and portions of it having been found unconstitutional in *Avis Rent-A-Car System, Inc v Romulus,* 400 Mich 337; 254 NW2d 555 (1977), read in pertinent part:

"Sec. 1. (1) When any real property which for any reason is exempt from taxation is leased, loaned, or otherwise made available to and used by a private individual association, or corporation in connection with a business conducted for profit, the lessees or users thereof shall be subject to taxation in the same amount and to the same extent as though the lessee or user were the owner of such property.

"(2) Subsection (1) shall not apply to:

\* \* \*

"(b) Property which is used as a concession at a public airport."

Under the above statutory provisions, petitioner is taxable unless it is a "concessionaire". Respondent argues that petitioner is not a concessionaire because petitioner does not meet the three-part test set forth when the statute was amended by

---

[1] Article XV of the lease provided that the lessee would pay all taxes "that may be lawfully levied or charged against the leaseholders' estate". Under 1953 PA 189, as amended, the hangar could be taxed, unless the lease property was "used as a concession".

1970 PA 174. Under that amendment, a concessionaire was required to meet all of the following:

"(a) It shall have the exclusive right and duty to render a necessary or customary service, based on a contract entered into requiring that it render goods or services either to the grantor or to the general public on behalf of the grantor.

"(b) The service rendered must be available to the general public on a nondiscriminatory basis.

"(c) Use of real property in connection with a service concession must be a necessary and integral part of the concession."

Specifically, respondent contends that petitioner does not meet the requirement of subdividion (a) because it was not granted the "exclusive right" to act as a fixed-base operator at the Tri-City Airport. It is true, petitioner was not given exclusive rights and the lease makes that very clear. Nevertheless, respondent's claim is flawed in three respects. First, the amendatory act (1970 PA 174), upon which respondent relies, was only applicable to counties of over 1,000,000 population. *Avis-Rent-A-Car, supra.* Second, subsection (2) of MCL 211.181; MSA 7.7(5) was declared unconstitutional but subsection 211.181(1), which contained the exemption for a concessionaire, was not invalidated. Third, this Court in *Clinton County v Francis,* 73 Mich App 102; 250 NW2d 559 (1976), squarely held that an airport lessee can still qualify as a concessionaire without possession of an exclusive right.

"Only the opinion in *Detroit v Tygard* [381 Mich 271; 161 NW2d 1 (1968)] supports the trial court's conclusion that the lessees' uses, since they lacked exclusivity, were not concessions. But *Tygard* itself cautions against its application to other factual situations. The position taken by the majority in *Kent County [v Grand Rapids,*

381 Mich 640; 167 NW2d 287 (1969)], and the 1970 amendment of MCLA 211.181; MSA 7.7(5), lead us to conclude that a concession, as the term is used in MCLA 211.181(1); MSA 7.7(5)(1), does not involve the exclusive right to render a service." 73 Mich App 106.

No claim is made that, except for the element of exclusivity, petitioner does not operate a concession. Under the lease petitioner sold, rented, and leased aircraft including hangar space and made available and operated aircraft for business, pleasure, and industrial purposes. Very clearly, petitioner was a "concessionaire". Petitioner's operation meets all the tests for a "concession" laid down in *Kent County v Grand Rapids*, 381 Mich 640, 651-653; 167 NW2d 287 (1969), and the Tax Tribunal so found. We agree.

Affirmed. No costs, a question of public importance being involved.