SKYBOLT PARTNERSHIP v CITY OF FLINT

Docket Nos. 134681, 134708. Submitted November 4, 1993, at Lansing. Decided June 7, 1994, at 9:50 A.M.

Skybolt Partnership petitioned the Tax Tribunal for a review of the City of Flint's assessment of real and personal property taxes for tax years 1987, 1988, and 1990 regarding real property leased from the city and certain improvements thereon. The Tax Tribunal determined that a portion of the facilities occupied by Skybolt Partnership at Bishop International Airport in Flint constituted a leasehold exempt from the lessee-user tax set forth at MCL 211.181; MSA 7.7(5) for tax years 1987, 1988, and 1990, but denied Skybolt's motion to amend its petition to include tax year 1989. The City of Flint appealed from the determination that Skybolt's improvements to the leased property were the real property of the city and, therefore, exempt from ad valorem property taxation (Docket No. 134708). Skybolt appealed from the denial of its motion to amend its petition. (Docket No. 134681). The appeals were consolidated.

The Court of Appeals *held:*

1. The Tax Tribunal properly held that the improvements were not owned by Skybolt and thus were not taxable as its personal property.

2. The portion of Skybolt's leasehold that it subleases to Simmons Airlines, Inc., for use as Simmons' regional aircraft maintenance facility is subject to the lessee-user tax, set forth in MCL 211.181; MSA 7.7(5), that is assessed when certain lessees lease tax-exempt property. The Tax Tribunal erred in concluding that the space subleased to Simmons was exempt from the lessee-user tax pursuant to MCL 211.181(2)(b); MSA

REFERENCES

Am Jur 2d, Property §§ 13, 18; State and Local Taxation §§ 85, 332, 336, 339-342, 787, 876.

Exemption from taxation of municipally owned or operated stadium, auditorium, and similar property. 16 ALR2d 1376.

Comment Note: Availability of tax exemption to property held on lease from exempt owner. 54 ALR3d 402.

Property tax: effect of tax exempt lessor's reversionary interest on valuation of nonexempt lessee's interest. 57 ALR4th 950.

7.7(5)(2)(b). In order for the exemption provided in subsection 2(b) to apply, two requirements must be satisfied. First, the property must be used as a concession, and, second, it must be available for use by the general public. The area subleased by Simmons is not available for use by the general public. The decision of the Tax Tribunal is reversed to the extent that it held that the portions subleased to Simmons were exempt from the lessee-user tax under subsection 2(b).

3. The Tax Tribunal properly denied Skybolt's motion to amend its petition to contest its 1989 tax assessment, which was not filed within the period provided by statute, MCL 205.735(2); MSA 7.650(35)(2). The denial of the motion was consistent with the dictates of Tax Tribunal precedent.

Affirmed in part and reversed in part.

1. PROPERTY — REAL PROPERTY — BUILDINGS.

Buildings placed upon real property become a part of the real property.

2. TAXATION — TAX-EXEMPT PROPERTY — LESSEE-USER TAX — BUSINESSES CONDUCTED FOR A PROFIT — CONCESSIONS — USE BY GENERAL PUBLIC.

When any real property that for any reason is exempt from ad valorem property taxation is leased to and used by a private individual, association, or corporation in connection with a business conducted for profit, the lessees or users are subject to taxation in the same amount and to the same extent as though they were the owner of the property; this lessee-user tax does not apply to property that both is used as a concession at a public airport, park, market, or similar property and is available for use by the general public (MCL 211.181[1],[2][b]; MSA 7.7[5][1],[2][b]).

3. TAXATION — TAX TRIBUNAL — JURISDICTION — ASSESSMENT DISPUTES.

The jurisdiction of the Tax Tribunal in an assessment dispute is invoked properly by the filing of a written petition by a party in interest, as petitioner, not later than June 30 of the tax year involved (MCL 205.735[2]; MSA 7.650[35][2]).

*Simen, Winkler & Walton, P.C.* (by *Sander H. Simen*), and *Linda A. Pohly, P.C.* (by *Linda A. Pohly*), for Skybolt Partnership.

*Loyst Fletcher, Jr.* (by *Barry A. Wolf*), for the City of Flint.

Before: MacKenzie, P.J., and Weaver and M. H. Cherry,* JJ.

Per Curiam. In Docket No. 134708 of these consolidated appeals, the City of Flint appeals as of right from an opinion and judgment of the Tax Tribunal holding that a portion of certain facilities occupied by petitioner Skybolt Partnership at Bishop International Airport in Flint constituted a leasehold exempt from the lessee-user tax set forth at MCL 211.181; MSA 7.7(5) for tax years 1987, 1988, and 1990. In Docket No. 134681, Skybolt appeals as of right from the denial of its motion to amend its petition to include tax year 1989. We affirm in part and reverse in part.

The facts are not in dispute. A June 1986 lease between Skybolt and the City of Flint granted Skybolt exclusive use of property located at Bishop International Airport for twenty years, renewable for two ten-year options. The lease required Skybolt to make certain permanent improvements that would become the property of the city upon expiration or termination of the lease. Skybolt constructed three hangars, along with office space, pursuant to the lease. It occupies some portions of these facilities and subleases other portions to various tenants.

The Tax Tribunal held that the improvements to the leased property were the real property of the city, so that they were exempt from ad valorem taxation. In its appeal, the city first argues that this determination was erroneous. According to the city, the improvements were the personal property of Skybolt and were subject to the personal property tax set forth at MCL 211.8; MSA 7.8. We disagree.

In the absence of fraud, this Court's review of

* Circuit judge, sitting on the Court of Appeals by assignment.

Tax Tribunal decisions is limited to whether the Tax Tribunal made an error of law or adopted an improper legal principle. *Gillette Co v Dep't of Treasury,* 198 Mich App 303, 306; 497 NW2d 595 (1993); *Dow Chemical Co v Dep't of Treasury,* 185 Mich App 458, 462-463; 462 NW2d 765 (1990). Additionally, this Court "accept[s] the factual findings of the tribunal as final, provided they are supported by competent, material, and substantial evidence." *Id.*

In *Air Flite & Serv-A-Plane v Tittabawassee Twp,* 134 Mich App 73; 350 NW2d 837 (1984), this Court held that an airplane hangar constructed by a lessee pursuant to the terms of a lease was real property owned by the lessor airport commission. In reaching that conclusion, the *Air Flite* Court applied the statutory and common-law rule that "buildings placed upon real property become a part of the real property" and the "bundle of sticks" concept of ownership. The Tax Tribunal in this case also applied these principles to the parties' lease provisions and determined that, because the city exerted ultimate control over the property and Skybolt's rights as lessee were strictly limited, the improvements were the property of the city. This determination was in accord with *Air Flite, supra.* We therefore affirm the Tax Tribunal's holding that the improvements were not owned by Skybolt and thus were not taxable as its personal property.

The next question is whether a portion of Skybolt's leasehold is subject to the lessee-user tax that is assessed when a lessee leases tax-exempt property, MCL 211.181; MSA 7.7(5). The part of Skybolt's leasehold at issue here consists of those portions of Skybolt's hangar 1 and hangar 2 that it subleases to Simmons Airlines, Inc. Simmons uses

this hangar space as its regional aircraft maintenance facility.

MCL 211.181; MSA 7.7(5) provides, in relevant part:

(1) When any real property which for any reason is exempt from ad valorem property taxation is leased . . . to and used by a private individual, association, or corporation in connection with a business conducted for profit, the lessees or users of this real property shall be subject to taxation in the same amount and to the same extent as though the lessee or user were the owner of this real property.

(2) Subsection (1) shall not apply to:

* * *

(b) Property which is used as a concession at a public airport, park, market, or similar property *and* which is available for use by the general public. [Emphasis added.]

The Tax Tribunal concluded that the hangar space subleased to Simmons was a concession and thus was exempt from the lessee-user tax pursuant to subsection 2(b). We disagree.

The lessee-user tax is intended to ensure that lessees of tax-exempt property will not receive an unfair advantage over lessees of privately owned property. *Detroit v Nat'l Exposition Co,* 142 Mich App 539, 546; 370 NW2d 397 (1985). Although a number of cases have formulated a definition of "concession" for purposes of the tax's concession exemption, see, e.g., *Air Flite, supra; Detroit v Tygard,* 381 Mich 271; 161 NW2d 1 (1968); *Kent Co v Grand Rapids,* 381 Mich 640; 167 NW2d 287 (1969); *Seymour v Dalton Twp,* 177 Mich App 403; 442 NW2d 655 (1989); *Clinton Co v Francis,* 73 Mich App 102; 250 NW2d 559 (1976), each of those cases was decided in the context of earlier versions

of the statute. We have found no cases construing the subsection 2(b) concession exemption as it is presently written.

Tax exemptions are strictly construed against the taxpayer and in favor of the taxing authority. *Ladies Literary Club v Grand Rapids,* 409 Mich 748, 753; 298 NW2d 422 (1980). Because taxation is the rule and exemption the exception, the intention to make an exemption must be expressed in clear and unambiguous terms. *Nomads, Inc v Romulus,* 154 Mich App 46, 55; 397 NW2d 210 (1986). The Legislature is presumed to have intended the meaning it plainly expressed. *Guardian Industries Corp v Dep't of Treasury,* 198 Mich App 363, 381; 499 NW2d 349 (1993). If the meaning of the statutory language is clear, judicial construction is normally neither necessary nor permitted. *Id.* Every phrase, clause, and word in a statute must be given effect, if possible. *Jenkins v Great Lakes Steel Corp,* 200 Mich App 202, 209; 503 NW2d 668 (1993).

Applying these principles to the plain language of the concession exemption provided in MCL 211.181(2)(b); MSA 7.7(5)(2)(b) as presently written, it is apparent that in order for the exemption to apply, two requirements must be satisfied: (1) the property must be used as a concession, and (2) it must be available for use by the general public. The Legislature's use of the conjunctive "and" in subsection 2(b) must be given effect and indicates that both of these conditions must be satisfied before the exemption will apply. Further, requiring the two conditions to be satisfied is consistent both with the purpose of the user-lessee statute and with tax exemption statutes in that it favors the taxing authority and discourages unfair advantage over lessees of private property. *Nat'l Exposition, supra; Nomads, Inc, supra.*

The Tax Tribunal in this case essentially focused on the first requirement of the concession exemption and determined Skybolt was entitled to the exemption because the portions of hangars 1 and 2 subleased to Simmons met the case law definition of "concession." Although public availability of the Simmons hangar space was mentioned tangentially in reaching that conclusion, the tribunal failed to give adequate consideration to the requirement that the facilities be available to the general public in order to qualify for the concession exemption. It is undisputed that the portions of hangars 1 and 2 subleased to Simmons were used by that airline solely for the maintenance of its aircraft. Unlike the hangar space reserved for Skybolt's operation, the Simmons hangar area was not available for use by the public. Under these circumstances, we must conclude that Skybolt failed to meet the second requirement of the concession exemption with regard to the Simmons hangar area. Accordingly, we reverse the decision of the Tax Tribunal to the extent that it held that the portions of hangars 1 and 2 subleased by Skybolt to Simmons were exempt from the lessee-user tax under MCL 211.181(2)(b); MSA 7.7(5)(2)(b).

Finally, in Docket No. 134681, we are satisfied that the Tax Tribunal properly denied Skybolt's motion to amend its petition to contest its 1989 tax assessment. The Tax Tribunal's decision was a proper interpretation of MCL 205.735(2); MSA 7.650(35)(2), which requires a petition regarding an assessment dispute to be filed "not later than June 30 of the tax year involved," and was in compliance with the dictates of *Paisley v Mullett Twp,* 4 MTTR 471 (Docket No. 100389, September 23, 1986). Regardless of whether the Board of Review sent Skybolt a notification of its decision, Skybolt was on actual notice of the board's adverse deci-

sion when it received its summer tax bill. Nevertheless, Skybolt failed to file its motion to amend its petition to include the 1989 assessment by the June 30 deadline or within the thirty-day tolling period recognized by the Tax Tribunal. Under these circumstances, the Tax Tribunal's denial of Skybolt's motion was consistent with *Paisley* and provided a proper balance between Skybolt's due process rights and the city's need to determine its annual budget without undue delay. We therefore decline to reverse the Tax Tribunal's denial of Skybolt's motion to amend.

Affirmed in part and reversed in part.