CITY OF KALAMAZOO v RICHLAND TOWNSHIP

Docket No. 189485. Submitted November 13, 1996, at Grand Rapids. Decided February 14, 1997, at 9:05 A M.

The City of Kalamazoo appealed to the Tax Tribunal from a determination of the Richland Township Board of Review that denied the city's claim that a golf course owned by the city and operated by the Kalamazoo Municipal Golf Association (KMGA) is exempt from taxation. The Tax Tribunal agreed with the township that the KMGA is a private association, that the KMGA conducted its activities for a profit, and that the lessee-user statute, MCL 211.181(1); MSA 7.7(5)(1), applied to the action. However, the Tax Tribunal determined that the KMGA qualified as a concessionaire, which exempted the KMGA from taxation under MCL 211.181(2)(b); MSA 7.7(5)(2)(b). The township appealed from the Tax Tribunal's order requiring the township to refund to the KMGA the taxes paid by the KMGA with regard to the golf course.

The Court of Appeals *held*:

1. The city had standing to bring an appeal before the Tax Tribunal.

2. The Tax Tribunal erred in finding that the lessee-user statute was applicable under the facts of this case. Because the statute was not applicable, it was not necessary to determine whether the concessionaire exception in the statute was applicable.

3. The Tax Tribunal's finding that the KMGA operated as a for-profit business was not supported by competent, material, and substantial evidence. Therefore, the lessee-user statute was inapplicable to this case. The township did not present sufficient evidence to create a genuine issue of material fact that would exempt this case from the general rule that property owned by a city and used for a public purpose is exempt from taxation. Reversal is not required because the Tax Tribunal reached the correct result despite its error.

Affirmed.

1. PARTIES — REAL PARTY IN INTEREST.

An action generally must be prosecuted in the name of the real party in interest; a real party in interest is the one who is vested with the

right of action on a given claim, although the beneficial interest may be in another (MCR 2.201[B]).

2. Taxation — Municipal Corporations — Property Used for Public Purpose — Lessees — Businesses Conducted for Profit.

   Property that is owned by a city and is used for public purposes generally is exempt from taxation; a lessee of tax-exempt property used in connection with a business conducted for profit may be subject to taxation, but not where the property is used as a concession at a public airport, park, market, or similar property and is available for use by the general public (MCL 211.7m, 211.181; MSA 7.7[4j], 7.7[5]).

*Robert H. Cinabro*, City Attorney, and *A. Lee Kirk*, Deputy City Attorney, for the City of Kalamazoo.

*Bauckham, Sparks, Rolfe & Thomsen, P.C.* (by *Lynda E. Thomsen*), for Richland Township.

Before: Wahls, P.J., and Young and J. H. Fisher*, JJ.

Per Curiam. In this tax appeal, respondent Richland Township appeals as of right the order of the Michigan Tax Tribunal (MTT) that determined that land owned by petitioner City of Kalamazoo and operated by the Kalamazoo Municipal Golf Association (KMGA) is exempt from taxation. We affirm.

In 1924, the KMGA was formed to operate and maintain a golf course that Kalamazoo owned. On February 2, 1925, Kalamazoo's city commission formally adopted the KMGA's constitution. In April 1957, Kalamazoo acquired land that became the Eastern Hills Golf Course. Kalamazoo has used Eastern Hills exclusively as a municipal golf course that is open to the public without restriction other than the payment of greens fees or the annual membership fee. On February 3, 1986, Kalamazoo and the KMGA executed a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

management contract for the management of Eastern Hills. On November 18, 1991, and upon the expiration of the original agreement, Kalamazoo and the KMGA entered into a second management agreement for three of Kalamazoo's municipal golf courses. The contracts included provisions that the KMGA and its employees were independent contractors, not city employees, and that the KMGA agreed to indemnify Kalamazoo for claims made against Kalamazoo arising from the use or operation of the golf courses.

Before the 1992 tax year, Richland Township treated Eastern Hills as tax-exempt. After reevaluating its position, Richland Township billed the KMGA during the 1992 tax year for taxes based on an assessed value of Eastern Hills of $500,000. Kalamazoo appealed the tax to Richland Township's Board of Review, which denied Kalamazoo's claim that the property is exempt from taxation.

On April 10, 1992, Kalamazoo appealed to the MTT, arguing that Eastern Hills was tax-exempt under MCL 211.7m; MSA 7.7(4j), which exempts a local government's property from taxation. Kalamazoo also argued that the KMGA had managed Kalamazoo's three municipal golf courses on a nonprofit basis since 1986. Richland Township answered that the KMGA operated Eastern Hills under a written contract with Kalamazoo, which subjected the KMGA to taxation under the lessee-user statute, MCL 211.181(1); MSA 7.7(5)(1). In addition, Richland Township asserted as an affirmative defense its claim that the real party in interest was the KMGA, not Kalamazoo.

On January 11, 1994, Kalamazoo moved for summary disposition. The MTT agreed with Richland Township that the KMGA was a private association,

that the KMGA was conducted for a profit, and that the lessee-user tax statute applied. However, the MTT determined that the KMGA qualified as a concessionaire, which exempted the KMGA from taxation. Accordingly, the MTT ordered Richland Township to issue a refund of the taxes paid.

Richland Township argues that Kalamazoo lacked standing to bring an appeal before the MTT because the KMGA was the real party in interest. We disagree.

MCR 2.201(B) requires that, generally, an action must be prosecuted in the name of the real party in interest. A real party in interest is the one who is vested with the right of action on a given claim, although the beneficial interest may be in another. *Hofmann v Auto Club Ins Ass'n*, 211 Mich App 55, 95; 535 NW2d 529 (1995). This standing doctrine recognizes that litigation should be begun only by a party having an interest that will assure sincere and vigorous advocacy. *Michigan Nat'l Bank v Mudgett*, 178 Mich App 677, 679; 444 NW2d 534 (1989). In addition, the doctrine protects a defendant from multiple lawsuits for the same cause of action. *Kearns v Michigan Iron & Coke Co*, 340 Mich 577, 581; 66 NW2d 230 (1954). A defendant is not harmed provided the final judgment is a full, final, and conclusive adjudication of the rights in controversy that may be pleaded to bar any further suit instituted by any other party. *Id.*; *Cody Park Ass'n v Royal Oak School Dist*, 116 Mich App 103, 110; 321 NW2d 855 (1982).

Here, Kalamazoo had standing as an aggrieved party under *Richland Twp v State Tax Comm*, 210 Mich App 328, 335; 533 NW2d 369 (1995). In addition, Richland Township did not contradict Kalamazoo's evidence of ownership of Eastern Hills. As a home

rule city, Kalamazoo is authorized to exercise its municipal powers to manage, control, and administer municipal property to advance its interest. MCL 117.4j; MSA 5.2083. Kalamazoo adopted the KMGA's constitution and bylaws in 1925. Any amendment of the KMGA's constitution or bylaws requires Kalamazoo's express approval. Furthermore, the KMGA's current constitution requires the affirmative vote of Kalamazoo's city manager, the assistant city manager for operations, or the director of finance before the KMGA may expend any money. Under these circumstances, Kalamazoo's control over the KMGA is such that Richland Township would not be subjected to repeated litigation over this tax appeal. Accordingly, Richland Township's claim must fail. *Kearns, supra,* p 581; *Cody Park, supra,* p 110.

Richland Township argues that the MTT erred in ruling that the KMGA used Eastern Hills as a "concession" pursuant to the lessee-user statute. We disagree but also find that the MTT erred in applying the lessee-user statute in the first place. Because the lessee-user statute was not applicable under the facts of this case, it was unnecessary to determine whether an exception to the statute applied.

Appellate review of the MTT's decisions is limited to deciding if the tribunal's factual findings are supported by competent, material, and substantial evidence. *Golf Concepts v Rochester Hills,* 217 Mich App 21, 24; 550 NW2d 803 (1996). In the absence of fraud, this Court reviews the MTT's decisions to determine whether the tribunal erred in applying the law or adopted the wrong principle. *Id.,* pp 24-25. MCR 2.116(C)(10) permits summary disposition when "[e]xcept as to the amount of damages, there is no

genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993). A court reviewing such a motion must consider the pleadings, affidavits, depositions, admissions, and any other evidence in favor of the party opposing the motion, and grant the benefit of any reasonable doubt to the opposing party. *Id.*

Generally, property that is owned by a city and is used for public purposes is exempt from taxation. MCL 211.7m; MSA 7.7(4j). However, an exception to the general rule is found in the lessee-user statute, which provides in relevant part:

> (1) When any real property which for any reason is exempt from ad valorem property taxation is leased, loaned, or otherwise made available to and used by a private individual, association, or corporation in connection with a business conducted for profit, the lessees or users of this real property shall be subject to taxation in the same amount and to the same extent as though the lessee or user were the owner of this real property.
> (2) Subsection (1) shall not apply to:
>
> *       *       *
>
> (b) Property which is used as a concession at a public airport, park, market, or similar property and which is available for use by the general public. [MCL 211.181; MSA 7.7(5).]

The lessee-user statute imposes a tax only on a lessee of tax-exempt property used in connection with a "business conducted for profit." *Nomads, Inc v Romulus*, 154 Mich App 46, 53; 397 NW2d 210 (1986). This clause must be strictly construed in favor of the taxpayer. *Id.*, p 55. Here, the MTT erred as a matter of law in finding that Eastern Hills was used in connec-

tion with a "business conducted for profit." In support of its motion for summary disposition, Kalamazoo provided affidavits in which its finance director and the KMGA's business manager averred that the KMGA has always operated on a nonprofit basis during their respective tenures. In addition, Kalamazoo submitted documentary evidence concerning the tax-exempt bonds that Kalamazoo sold to finance capital improvements at the three municipal golf courses. Accordingly, Kalamazoo satisfied its initial burden of production. See *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).

In response, Richland Township relied upon the two management agreements. The terms of these agreements refer to the KMGA as "Contractor," obligate the KMGA to pay all taxes, and require the KMGA to assume full financial responsibility for Eastern Hills, to be deemed an independent contractor, and to indemnify Kalamazoo for claims arising from the KMGA's use of Eastern Hills. However, none of these factors is inconsistent with a nonprofit organization. In addition, the fact that neither the KMGA's management agreements nor its constitution required it to retain nonprofit status in the future is not relevant to determining whether the KMGA was operated as a for-profit business during the 1992 tax year. Accordingly, the MTT's finding that the KMGA operated a for-profit business was not supported by competent, material, and substantial evidence. *Golf Concepts, supra*, p 24.

Because Kalamazoo owned Eastern Hills, that property normally would be exempt from property taxes. MCL 211.7m; MSA 7.7(4j). Richland Township did not present sufficient evidence to create a genuine issue of material fact that would except this case from the

general rule. Because the MTT reached the correct result despite its error, reversal is not required. *Holland Home v Grand Rapids*, 219 Mich App 384, 400; 557 NW2d 118 (1996).

Assuming arguendo that the lessee-user statute did apply, the MTT did not err in determining that the KMGA's management agreements qualified Eastern Hills as a tax-exempt concession pursuant to MCL 211.181(2)(b); MSA 7.7(5)(2)(b). In order for this exemption to apply, two requirements must be satisfied: (1) the property must be used as a concession and (2) it must be available for use by the general public. *Skybolt Partnership v Flint*, 205 Mich App 597, 602; 517 NW2d 838 (1994). Here, it is not disputed that the management agreements required the KMGA to provide open golf to the general public.

In addition, Eastern Hills was used as a concession. The Michigan Supreme Court has defined a "concession" as a " 'privilege or space granted or leased for a particular use within specified premises.' " *Kent Co v Grand Rapids*, 381 Mich 640, 651; 167 NW2d 287 (1969), quoting *Detroit v Tygard*, 381 Mich 271, 275; 161 NW2d 1 (1968). Incident to a concession is the concept of specific obligations on the part of the privileged party to maintain particular services at specified times. *Tygard, supra*, p 275. These obligations of the concessionaire must "bear a reasonable relationship to the purposes of" the granting entity. *Id.*, p 276; *Seymour v Dalton Twp*, 177 Mich App 403, 410; 442 NW2d 655 (1989). Here, there is no question that the KMGA was granted particular privileges within specified premises.

In addition to the privileges that it received under the management agreements, the KMGA also undertook

specific obligations. As the MTT correctly noted, the agreements required the KMGA to provide to the general public open golf, league, and tournaments at reasonable times, to operate food and golf-equipment concessions, and to maintain the golf course to a specified standard. In addition, as stated earlier during our discussion of the standing issue, the agreements provided Kalamazoo with extensive oversight of the KMGA's operation of Eastern Hills. The specificity of the management agreements satisfied the requirement of specific obligations to maintain particular services at specified times. See *Kent Co, supra,* pp 646-648, 652-653; compare *Tygard, supra,* pp 275-276; *Golf Concepts, supra,* p 29; *Seymour, supra,* pp 408-409.

Finally, the obligations of the KMGA were reasonably related to public purposes. The broader purpose of the lessee-user tax is to eliminate the unfair advantage that private-sector users of tax-exempt property would otherwise wield over their competitors leasing privately owned property. *Seymour, supra,* p 410. Merely privatizing the operation of a golf course is contrary to this purpose. *Golf Concepts, supra,* p 29; *Seymour, supra,* p 410. Here, in contrast to those cases, Kalamazoo did not simply privatize the operation of Eastern Hills. Rather, it entered into a contract with the KMGA that granted Kalamazoo extensive oversight in order to protect the public purpose of providing the general public a recreational opportunity to play golf. Accordingly, the MTT's finding that the KMGA used Eastern Hills as a concession for purposes of the lessee-user statute was supported by competent, material, and substantial evidence. MCL

211.181(2)(b); MSA 7.7(5)(2)(b); *Kent Co, supra,* pp 652-653.

Affirmed.